## 25376. WIGGINS *v.* THE STATE.

DECIDED JANUARY 17, 1936.

*D. C. Jones,* for plaintiff in error.

*W. G. Neville, solicitor-general, R. Lee Moore,* contra.

GUERRY, J. The defendant was convicted of involuntary manslaughter in the commission of an unlawful act, and was sentenced to imprisonment for one year. A negro woman and three little white boys were returning home at night in a one-horse wagon drawn by a gentle mule. The older boy, thirteen years of age, was driving. The woman was sitting beside him but facing to the rear, and a boy of eleven years and the deceased, a child of about three

years, were lying, possibly asleep, in the bottom of the wagon body. The road at this place was near the bottom of a gentle slope. The wagon had passed the lowest point, and had gone about 55 yards up the hill, which was 200 or more yards long, when, the woman, as she testified, saw the truck driven by the defendant coming from behind. She told the boy driving the wagon, and he pulled the mule off the pavement, and the front wheel of the wagon also was off the pavement when the truck struck the wagon with sufficient force to demolish the two rear wheels and the body of the wagon and to tear off the standards (four by six timbers) on the side of the truck. The truck stopped about 50 yards beyond this point. The woman was thrown out of the wagon, and from the blow remained unconscious for nearly twelve hours. The two older boys were thrown out, but not seriously injured. The other child was found on the opposite side of the road horribly mangled, his head torn to pieces, and both legs broken and bones protruding. An eye-witness testified that he was walking toward the wagon and saw the truck approaching, and that the mule was on the shoulder of the road off the pavement; that the truck going in the same direction as the wagon turned out to its left to go around the wagon; and that just as the truck turned to go around the wagon the witness saw a Ford car coming over the hill toward the wagon and the truck, and "I knew that the truck did not have time to get around the wagon before the car would be on him." The Ford car was running seventy miles an hour or more. When the witness first saw the car it was near the top of the hill, which was shown by other testimony to be 165 yards distant from the wagon, and the lights of the car were seen by him before that time. The truck at the time of the appearance of the car was close to the wagon, and turned out to go around it. From the blood and other indications on the pavement the child was struck by the Ford car also, and was evidently thrown by the impact between the truck and the wagon into the path of the oncoming Ford car. Brains and blood were found on the windshield of the Ford car, and the left part of the front of the fender of the Ford car showed evidences of having struck something.

Only the general grounds are presented by the motion for new trial. While it may be true that there is not sufficient competent evidence in the record to authorize a finding that at the time

the defendant's truck struck the wagon he was exceeding the speed limit set by the law of this State, and that his failure to blow his horn or give some warning to the wagon of his approach, in violation of law, had nothing to do with and ·did not contribute to the accident, yet the law (Code of 1933, § 68-303-d) declares: "An operator of a vehicle overtaking another vehicle going in the same direction, and desiring to pass the same, shall pass to the left of the vehicle overtaken; provided, that the way ahead is clear of approaching traffic," and "further, that no operator shall pass a vehicle from the rear at the top of ·a hill;" and there was evidence that before the defendant attempted to pull out to the left and pass the wagon the reflections from the lights of the approaching Ford car could easily be seen before it actually came over the top of the hill. It thus appears that the jury was authorized to find that the way was not clear at the time the defendant attempted to pass the wagon, that his acts were thus in violation of the Code section, and that his unlawful act was the proximate cause of the death. The jury resolved all of the issues against the defendant. The facts of this case make but another instance of the terrific toll being paid for somebody's carelessness in modern traffic conditions. A strict obedience by all persons to the laws of the road would obviate the largest per cent. of these tragedies.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*